

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. H-11- |
| RICHARD M. PLATO | § § § | Filed Under Seal  11 CR 263 |

## INDICTMENT

The United States Grand Jury charges:

### INTRODUCTION

At all times material herein:

1. Momentum Production Corporation, hereinafter referred to as Momentum, is a Texas corporation with its principal place of business at 1001 W. Baker Road, Suite 200, Baytown, Texas 77521.

2. Defendant **RICHARD M. PLATO** owned, operated, and otherwise controlled Momentum.

3. Defendant RICHARD M. PLATO, directly and through associates, solicited individuals throughout the United States to invest with Momentum. These investments were designated as Promissory Notes or Net Profits Interest Promissory Notes payable by Momentum (hereafter, the "Notes"). Momentum accepted Subscription Agreements from investors and thereafter issued the Notes,

which were purportedly secured by a Security Agreement and Assignment of Production covering, among other collateral, Momentum's interest in various oil and gas leases.

4. Between July 29, 2005, and December 22, 2006, approximately forty investors purchased over five million dollars worth of Notes from Momentum in the following funds: MPC Robinette Fund, MPC Robinette Fund 1-A, MPC Sullivan City Fund 2, and the MPC Febronio Flores Fund 3.

5. Momentum thereafter defaulted on the Notes by, among other actions, failing to meet its payment obligations.

## COUNTS ONE-SEVEN
(Mail Fraud – Title 18 U.S.C. §§ 1341 and 2)

### A. THE SCHEME TO DEFRAUD

1. From in or about January 2005, through in or about July 2010, in the Houston Division of the Southern District of Texas, and elsewhere,

### RICHARD M. PLATO

defendant herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

**B.     THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

It was a part of the aforesaid scheme and artifice that:

2.      Defendant RICHARD M. PLATO prepared and caused to be prepared various solicitation materials and investment documents, including the Notes and the Security Agreement and Assignment of Production, for distribution to investors.

3.      Defendant RICHARD M. PLATO would and did cause over five million dollars received from the sale of the Notes to be deposited into bank accounts controlled by him.

4.      Defendant RICHARD M. PLATO would and did use investor funds, as well as proceeds obtained from Momentum's oil and gas interests, to personally enrich himself and his associates.

5.      Defendant RICHARD M. PLATO knowingly and intentionally made and caused to be made material misrepresentations and omissions of material facts to investors in connection with Momentum's sale of the Notes, which included:

a.      misrepresenting the number and total cost of the Notes issued in connection with the Robinette Fund 1 and Robinette Fund 1-A;

b.      misrepresenting that Momentum would substitute other oil and gas properties to satisfy its payment obligations under the Notes if necessary when, in fact, the defendant had not and would not do so;

c.      misrepresenting that the collateral supporting the Notes was held free

and clear of any claim;

    d.    omitting and failing to disclose to investors that their investment funds had been and would be transferred into his personal accounts and diverted for his own benefit and the benefit of others;

    e.    omitting and failing to inform investors of his prior federal criminal convictions and debarment from practicing law; and

    f.    omitting and failing to inform investors that defendant owed millions of dollars of restitution stemming from his prior criminal convictions.

    6.    Defendant RICHARD M. PLATO would and did cause Momentum to fail to meet its payment obligations under the Notes.

    7.    Upon learning of his investigation by state authorities, Defendant RICHARD M. PLATO approached investors, directly and through his associates, to seek written acquiescence to the belated disclosure of certain material facts, including the defendant's prior criminal convictions and restitution obligations.

## C.   <u>EXECUTION OF THE SCHEME TO DEFRAUD</u>

    8.    On or about the dates specified as to each count below, the defendant, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, knowingly deposited and caused to be deposited the matters and things listed below, and caused the matters and things to be sent and delivered, by private and commercial interstate carrier and by the United States Postal

Service:

| COUNT | APPROX. DATE | DESCRIPTION |
|---|---|---|
| 1 | May 11, 2006 | Investment documents sent from Momentum's office in Baytown, Texas to an investor in Randolph, New Jersey with the initials J.B. concerning J.B.'s $50,000 investment in the Sullivan City Fund 2 |
| 2 | June 26, 2006 | Investment documents sent from Momentum's office in Baytown, Texas to a Momentum associate in Fort Lauderdale, Florida concerning $100,000 and $140,000 investments in the Febronio Flores Fund 3 made by investors with the initials O.D.F. and M.C., respectively |
| 3 | August 3, 2006 | Investment documents sent from Humble, Texas by an investor with the initials G.L. to Momentum's office in Baytown, Texas concerning G.L.'s $100,000 investment in the Febronio Flores Fund 3 |
| 4 | August 7, 2006 | Investment documents sent from West Nyack, New York by an investor with the initials J.A. to Momentum's office in Baytown, Texas concerning J.A.'s $100,000 investment in the Febronio Flores Fund 3 |
| 5 | August 24, 2006 | Investment documents sent from Momentum's office in Baytown, Texas to a Momentum associate in Fort Lauderdale, Florida concerning a $50,000 investment in the Febronio Flores Fund 3 made by investors with the initials of J.S. and C.S. |
| 6 | September 28, 2006 | Investment documents sent from Momentum's office in Baytown, Texas to a Momentum associate in Fort Lauderdale, Florida concerning a $200,000 investment in the Febronio Flores |

| | | |
|---|---|---|
| | | Fund 3 made by an investor with the initials of C.V. |
| 7 | December 26, 2006 | Investment documents sent from San Jose, California by an investor with the initials V.M. to Momentum's office in Baytown, Texas concerning V.M.'s $100,000 investment in the Febronio Flores Fund 3 |

In violation of Title 18, United States Code Sections 1341 and 2.

## COUNTS EIGHT-NINE
(Securities Fraud – Title 15 U.S.C. §§ 77q(a) and 77x)

1. Paragraphs One through Five of the Introduction and Counts One through Seven of the Indictment are re-alleged in their entirety and are incorporated by reference herein.

2. On or about the respective dates shown below, each such date constituting a separate count of this Indictment, within the Houston Division of the Southern District of Texas and elsewhere, the defendant

### RICHARD M. PLATO

and other persons, known and unknown to the grand jury, willfully and knowingly, in connection with the offer and sale of a security, that is investments in Momentum's Promissory Notes and Net Profits Interest Promissory Notes, by the use of a means of transportation and communication in interstate commerce and by

the use of the mails, directly and indirectly: (a) employed a device, scheme, and artifice to defraud; (b) obtained money by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices, and courses of business which operated as a fraud and deceit upon investors.

| COUNT | APPROX. DATE | DESCRIPTION |
|-------|--------------|-------------|
| 8 | August 2005 through June 2006 | Sale of MPC Notes in the Sullivan City Fund 2 |
| 9 | June 2006 through December 2006 | Sale of MPC Notes in the Febronio Flores Fund 3 |

In violation of Title 15, United States Code Sections 77q(a) and 77x and Title 18, United States Code Section 2.

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

JOSE ANGEL MORENO
United States Attorney

By: _____

David C. Searle
Assistant United States Attorney