IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States Courts
Southern District of Texas
FILED

JUL 24 2012

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | CRIMINAL NO. H-11-263-4S |
| RICHARD M. PLATO MICHAEL DEREK WALKER | § § | |

### FOURTH SUPERSEDING INDICTMENT

The United States Grand Jury charges:

### INTRODUCTION

At all times material herein:

1. Momentum Production Corp., hereinafter referred to a "MPC," was a Texas Corporation engaged in the exploration and development of oil and gas properties.

2. Defendant **RICHARD M. PLATO ("PLATO")**, a Texas resident, was the President and Chief Executive Officer (CEO) of MPC.

3. Defendant **MICHAEL DEREK WALKER ("WALKER")**, a Florida resident, was employed by MPC to market and sell promissory notes to investors across the United States.

1

## COUNT 1
(Conspiracy to Commit Mail Fraud – Title 18 U.S.C. § 1349)

A. **INTRODUCTION**

1. The allegations in paragraphs 1 - 3 of the Introduction of this Fourth Superseding Indictment are hereby adopted, re-alleged, and incorporated as if set out fully herein.

B. **THE CONSPIRACY AND ITS OBJECTS**

2. Beginning in or about March 2005, and continuing to at least January 2011, in the Houston Division of the Southern District of Texas, and elsewhere,

**RICHARD M. PLATO and
MICHAEL DEREK WALKER**

defendants herein, did knowingly combine, conspire, confederate, and agree with each other and with other persons known and unknown to the grand jury to knowingly and with intent to defraud devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and to execute that scheme by causing to be delivered certain mail matter by any private and commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

C.  **THE MANNER AND MEANS OF THE CONSPIRACY**

It was part of the Conspiracy that:

3. The Defendants would and did solicit persons ("the Investors") throughout the United States to purchase promissory notes ("the Notes") from MPC. These Notes were divided into Funds secured by MPC's purported interest in certain oil and gas leases. The Funds were designated: MPC Robinette Fund 1, MPC Robinette Fund 1-A, MPC Sullivan City Fund 2, and the MPC Febronio Flores Fund 3.

4. The Defendants would and did make various misrepresentations to the investors to induce them to purchase the Notes. These misrepresentations included the following:

> a. That the collateral supporting the Notes was held by MPC "free and clear of any lien, security interest, or claim of any kind other than the security interest" granted to the Investor;
>
> b. That only $1,000,000.00 would be raised in connection with the collateral listed for MPC Robinette Fund 1;
>
> c. That the Investors' money would be used for operational expenses on currently producing wells and to improve production on existing wells; and

  d. That MPC owned, through a subsidiary, the Hawkins Ranch Lease and the wells known as Hawkins Ranch Well No. 1 and Hawkins Ranch Well No. 5.

5. In addition to these misrepresentations, the Defendants would and did fail to inform the Investors of the following material facts:

  a. That MPC's CEO, **PLATO**, had three prior federal convictions for fraud-related offenses and outstanding restitution obligations of over $30 million; and

  b. That MPC was heavily indebted.

6. On the basis of these, and other, misrepresentations and omissions, the Defendants would and did induce the Investors to purchase over six million dollars worth of Notes.

7. It was further a part of the Conspiracy that the Defendants would and did use funds received from later investors to make monthly payments towards the principal and interest owed to earlier investors in order to prolong the scheme.

8. The Defendants would and did prevent investors from gaining access to inspect MPC's financial records.

9. The Defendants would and did dissuade investors from seeking rescission of the Notes or taking legal action against MPC by making misleading representations concerning MPC's financial condition and future prospects for

honoring its obligations under the Notes.

10. The Defendants would and did try to obtain letters from Investors acquiescing to the late disclosure of material facts, including **PLATO's** prior criminal convictions.

### D. OVERT ACTS

11. In furtherance of the conspiracy and to effect the objects thereof, the defendants performed and caused to be performed, among others, the overt acts set forth in Counts Two through Eight of this Fourth Superseding Indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the Indictment.

## COUNTS 2 - 8
(Mail Fraud – Title 18 U.S.C. § 1341)

1. The allegations in paragraphs 1 - 3 of the Introduction of this Fourth Superseding Indictment are hereby adopted, realleged and incorporated as if set out fully herein.

### A. THE SCHEME AND ARTIFICE TO DEFRAUD

2. From in or about March 2005, through in or about January 2011, in the Houston Division of the Southern District of Texas, and elsewhere,

**RICHARD M. PLATO and
MICHAEL DEREK WALKER**

defendants herein, aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud devise and intend to devise a scheme

and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made.

B. **THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

3. Among the manner and means by which the Defendants sought to accomplish and did accomplish the purpose of the scheme to defraud were the acts set forth in paragraphs 3 - 10 of Count One of the Fourth Superseding Indictment, hereby re-alleged and incorporated as if fully set forth in these Counts of the Fourth Superseding Indictment.

C. **EXECUTION OF THE SCHEME TO DEFRAUD**

4. On or about the dates specified as to each Count below, the Defendants, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, knowingly deposited and caused to be deposited the matters and things listed below, and caused the matters and things to be sent and delivered, by private and commercial interstate carrier and by the United States Postal Service:

| COUNT | APPROX. DATE | DESCRIPTION |
|---|---|---|
| 2 | May 11, 2006 | Investment documents sent from Momentum's office in Baytown, Texas to an investor in Randolph, New Jersey with the initials J.B. concerning J.B.'s $50,000 investment in the Sullivan City Fund 2 |

| 3 | June 26, 2006 | Investment documents sent from Momentum's office in Baytown, Texas to **WALKER** in Fort Lauderdale, Florida concerning $100,000 and $140,000 investments in the Febronio Flores Fund 3 made by investors with the initials O.D.F. and M.C., respectively |
| --- | --- | --- |
| 4 | August 3, 2006 | Investment documents sent from Humble, Texas by an investor with the initials G.L. to Momentum's office in Baytown, Texas concerning G.L.'s $100,000 investment in the Febronio Flores Fund 3 |
| 5 | August 7, 2006 | Investment documents sent from West Nyack, New York by an investor with the initials J.A. to Momentum's office in Baytown, Texas concerning J.A.'s $100,000 investment in the Febronio Flores Fund 3 |
| 6 | August 24, 2006 | Investment documents sent from Momentum's office in Baytown, Texas to **WALKER** in Fort Lauderdale, Florida concerning a $50,000 investment in the Febronio Flores Fund 3 made by investors with the initials of J.S. and C.S. |
| 7 | September 28, 2006 | Investment documents sent from Momentum's office in Baytown, Texas to **WALKER** in Fort Lauderdale, Florida concerning a $200,000 investment in the Febronio Flores Fund 3 made by an investor with the initials of C.V. |
| 8 | December 26, 2006 | Investment documents sent from San Jose, California by an investor with the initials V.M. to Momentum's office in Baytown, Texas concerning V.M.'s $100,000 investment in the Febronio Flores Fund 3 |

In violation of Title 18, United States Code Sections 1341 and 2.

## COUNT 9-10
(Securities Fraud – Title 15 U.S.C. §§ 77q(a) and 77x)

1. The allegations in paragraphs 1 – 3 of the Introduction and paragraphs 2 – 10 of Count One of this Fourth Superseding Indictment are hereby adopted, realleged and incorporated as if set out fully herein.

2. On or about the respective dates shown below, each such date constituting a separate count of this Fourth Superseding Indictment, within the Houston Division of the Southern District of Texas and elsewhere, the Defendants

**RICHARD M. PLATO and**
**MICHAEL DEREK WALKER**

and other persons, known and unknown to the grand jury, willfully and knowingly, in connection with the offer and sale of a security, that is investments in MPC's Promissory Notes and Net Profits Interest Promissory Notes, by the use of a means of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly: (a) employed a device, scheme, and artifice to defraud; (b) obtained money by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices, and courses of business which operated as a fraud and deceit upon investors.

| COUNT | APPROX. DATE | DESCRIPTION |
|---|---|---|
| 9 | August 2005 through June 2006 | Sale of MPC Notes in the Sullivan City Fund 2 |
| 10 | June 2006 through December 2006 | Sale of MPC Notes in the Febronio Flores Fund 3 |

In violation of Title 15, United States Code Sections 77q(a) and 77x and Title 18, United States Code Section 2.

## **NOTICE OF CRIMINAL FORFEITURE**
28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the Defendants

**RICHARD M. PLATO and
MICHAEL DEREK WALKER**

that in the event of conviction for Conspiracy as charged in Count One of the Third Superceding Indictment, Mail Fraud as charged in Counts Two through Eight, or Securities Fraud as charged in Counts Nine and Ten, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses. The property subject to forfeiture includes, but is not limited to, the following property: Approximately $6,796,000.00

### **Money Judgment**

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the Defendants may be jointly and severally liable. That amount is estimated to be, but is not limited to, approximately $6,796,000.00 in United States dollars.

### **Substitute Assets**

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

ORIGINAL SIGNATURE ON FILE
FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
F. Andino Reynal
Assistant United States Attorney
(713) 567-9663